Case 12-22173    Filed 04/10/12    Doc 26

2012-22173
FILED
April 10, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004171211

Nathan D. Borris, Esq.
SBN 266090
21550 Foothill Blvd
Hayward, CA 94541
(510) 581-7113
(510) 582-6729 Fax
nateborris@gmail.com

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASETERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In Re:

ELVIRA SALAZAR,

          Debtors

)  Case No.: 12-22173
)  Chapter 13
)  NDB-001
)
)  **ORDER ON MOTION TO VALUE**
)  **SECURED CLAIM AND TO AVOID**
)  **LIEN [11 U.S.C. 506(a)]**
)
)

On March 22, 2012, ELVIRA SALAZAR (hereinafter referred to as "Debtor") filed a motion to value the collateral known as 153 Laguna Drive, Tracy, California.  A Stipulation between Debtor, by and through their attorney of record, NATHAN D. BORRIS, ESQ., and BANK OF AMERICA as servicing agent on behalf of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-E (hereinafter referred to as "creditor"), by and through its attorney of record, Melissa Vermillion with Prober and Raphael, a Law Corporation, was executed on April 9, 2012 and filed on April 10, 2012.

RECEIVED
April 10, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004171211

Pursuant to the stipulation so executed, it is ordered as follows:

1. Creditor's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtors' Plan;

2. The avoidance of Creditor's Second Deed of Trust is contingent upon the Debtors' completion of their Chapter 13 plan and the Debtors' receipt of a Chapter 13 discharge;

3. Upon receipt of the Debtors' Chapter 13 discharge and completion of their Chapter 13 Plan, the Judgment may be recorded by the Debtors with the County Recorder's Office;

4. Creditor shall retain its lien for the full amount due under the Subject Loan should the Subject Property be sold, transferred (alienated), or should a refinance take place prior to Plan completion and entry of a Discharge.

5. Creditor shall retain its lien for the full amount due under the Subject Loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code;

6. In the event that any entity, including the holder of the first lien on the Subject Property, forecloses on its security interest and extinguishes Creditor's Deed of Trust prior to the Debtor's completion of their Chapter 13 Plan and receipt of a Chapter 13 discharge, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale.

IT IS SO ORDERED.

Dated: April 10, 2012

_____
Robert S. Bardwil, Judge
United States Bankruptcy Court

<u>Court Service List</u>

Russell D. Greer, Chapter 13 Trustee
PO Box 3051
Modesto, CA 95353-3051

Bank of America
c/o Prober & Raphael, ALC
Melissa Vermillion
20750 Ventura Blvd, Suite 100
Woodland Hills, CA 91364